D. A. JOHNSON & Co., plaintiffs in error, vs. MECHANICS & SAVINGS BANK, defendant in error.

Where A. obtains advances from a bank to buy cotton, and it is understood that payment is to be made by giving drafts on the cotton, on the factors to whom it was to be forwarded:

*Held,* that the factors having failed, a tender of drafts upon said house, is no discharge of the original liability.

Complaint and bail, in Muscogee Superior Court. Tried before Judge BULL, May Term, 1858.

D. A. Johnson, of the firm of D. A. Johnson & Co., drew from the agency of the Mechanics and Savings Bank, at Columbus, at one time $910 17, and at another time $1,000 He had no funds in said agency, but the money was paid to him on the faith of a letter of credit from Hardwick & Cook, of Savannah, and the understanding that D. A. Johnson & Co. would give a draft on said Hardwick & Cook, for the whole amount. Before the draft was drawn, plaintiff and defendant had notice that said firm of Hardwick & Cook had failed, and were insolvent. Plaintiff then demanded of defendant the money advanced, or the cotton, which defendant refused, but offered to give the plaintiff a bill on Hardwick & Cook, with knowledge of their insolvency. At the time the money was advanced, defendants were to invest the same in cotton, and ship it to Hardwick & Cook, and draw a bill on them for the advance; and a few days after said D. A. Johnson received said money, and after notice of the failure and insolvency of said Hardwick & Cook, said D. A. Johnson & Co. tendered the plaintiffs a bill on Hardwick & Cook, for the amount so advanced to them.

It was agreed that the Court might decide, from these facts, whether plaintiff was entitled to recover of defendants; whereupon, the Court decided that the plaintiff was entitled to a recovery. To which decision defendant's counsel excepted, and now assigns the same as error.

WELLBORN, JOHNSON & SLOAN, for plaintiffs in error.

JONES & JONES, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

The Johnsons came to Columbus, with a letter of credit from Hardwick & Cook, of Savannah, to the agency of the Savannah Savings Bank, at Columbus, to furnish funds to

enable the Johnsons to buy cotton. On the 15th and 16th of December, 1856, the Johnsons borrowed $1,910 17, and it was understood that, according to their habit of doing business, they were to forward the cotton, which they bought with the money thus advanced, to Savannah, and draw on it at thirty days, to pay the bank.

On the 17th of the month, the day after the last cash was drawn, both the bank and the Johnsons had notice of the failure of Hardwick & Cook. The bank immediately called upon the Johnsons to refund the money just loaned, or to give the bank the control of the cotton. They refused to do either; but offered to give a draft on Hardwick & Cook, at thirty days, without showing, or even pretending, that the cotton purchased with the plaintiff's money, had been forwarded to Savannah. It does not appear that it ever was sent. The probability from the proof is, it never was.

The plaintiff sued forthwith, to recover the cash advanced to the Johnsons.

It cannot be seriously insisted, that the offer to give a draft upon an insolvent house, was payment of the defendants indebtedness. The bank never agreed to accept a draft as payment, or extinguishment of their demand. It was but a security, at best, for the original indebtedness. And they might decline taking it, if they considered it unavailable, which they did; and hold the parties bound upon their original liability.

And then the defendant not having shown that they had forwarded the cotton to Hardwick & Cook, what means were provided for the payment of the draft, which they offered to give?

Suppose certain bank bills had been mentioned as the currency, in which this loan might be paid, and the bank had failed, and the defendant had then offered to procure the bills and discharge the debt? This attempt is equally as reasonable. For in this case, he still retained the cotton, the only resource for raising the funds, and yet it is gravely proposed

to settle with the creditor, who supplied the means to buy the cotton, by giving him a draft on an insolvent house!

Judgment affirmed.